[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #4 OF LEVY DRONEY AND VITALE
On September 16, 1999, this court issued a memorandum of decision on Motion for Summary Judgment #4 filed by Levy 
Droney, P.C. ("Levy") and Joseph A. Vitale ("Vitale") on June 4, 1999 and argued, after the filing of the movants' brief, on September 7, 1999.
On September 23, 1999, these defendants filed a pleading seeking clarification of that ruling. They noted that though the motion as filed was addressed to the claims of the seven vanguard plaintiffs only in Counts 87 through 93 and 104 through 110, they had included in their reply brief a footnote to the effect that the same motion applies to Counts 135-141 and 149-155. Those additional counts were added in an Amended Revised Complaint filed by the plaintiffs on July 22, 1999, after the defendants' motion for summary judgment had been filed. The plaintiffs have not objected to the defendants' expansion of their motion to address additional counts by announcing that expansion in a footnote in their reply brief rather than by amending the motion itself. The plaintiffs have filed no response to the movants' CT Page 13257 motion for clarification concerning the court's ruling on the motion as it applies to Counts 135-141 and 149-155.
The court concludes, therefore, that the plaintiffs accept that this motion was addressed to Counts 135-141 and 149-155, and issues the following ruling on the motion as applied to those counts.
Standard of review
The court adopts the discussion of the standard of review of motions for summary judgment set forth in its Memorandum of Decision on Motion for Summary Judgment #1 of Levy and Vitale, dated September 15, 1999.
Scope of the motion
The plaintiffs claim in these counts that by acting in concert with East Hill Woods these defendants breached a duty to them. This court has previously granted summary judgment in Motion for Summary Judgment #1 (as clarified this date) on the ground of lack of a duty of the movants to the plaintiffs while the movants were acting in their capacity as legal counsel to East Hill Woods. Motion #4 raises the alternative ground of the expiration of the statute of limitation.
The movants acknowledge in their brief in support of this motion that the statute of limitations claims in counts 135-141 and 149-155 relate to two time periods: the time up to and including the execution by each plaintiff of a residence agreement, and occasions after the execution. The court will refer to these separate time periods, as the parties have, as "execution claims" and "post-execution claims," respectively.
Execution claims
This court adopts its description of the history of the motions and statement of the standard of review set forth in the ruling on these movants' Motion for Summary Judgment #2 filed September 26, 1999. In the counts challenged in the instant motion, the seven vanguard plaintiffs allege tortious conduct by the movants with regard to disclosures relating to the execution by the plaintiffs of residence agreements. The dates of execution are set forth in the ruling on Motion for Summary Judgment #2. The court finds that the same analysis applies to the issues CT Page 13258 raised in the instant motion and adopts the analysis set forth in the ruling on Motion for Summary Judgment #2.
Post-execution claims
The movants have not established according to the standards for summary judgment that each of the events on which these claims is based occurred more than three years before the plaintiffs commenced their action, and the motion is therefore denied as to these claims. The movants have not challenged the substance of these claims, but only their timeliness.
Conclusion
This motion for summary judgment is denied as to the claims of all seven vanguard plaintiffs in Counts 135-141 and Counts 149-155 against Joseph Vitale in his capacity as an officer and trustee.
The execution claims against Levy Droney, P.C. and against Vitale as legal counsel are not tolled by any of the tolling doctrines invoked by the plaintiffs, and summary judgment, already granted as to those claims in the ruling on Motion for Summary Judgment #1, is also warranted on the ground that the statute of limitation has expired.
The motion for summary judgment on the basis of the expiration of the statute of limitations is denied as to the post-execution claims, which have not been shown to have arisen more than three years before the commencement of suit. These claims have, however, been decided in favor of Levy and in favor of Vitale in his capacity as legal counsel in the ruling on Motion for Summary Judgment #1.
Beverly J. Hodgson Judge of the Superior Court